UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

JUDGE KARAS
07 CIV. 7215

METLIFE LIFE AND ANNUITY COMPANY OF
CONNECTICUT,
                                      Plaintiff,

-against-

Ana Nicole Delio; Zachary Farrell Sobie; Brian Sobie,
Individually, as Trustee of the Zachary Farrell Sobie
Grandchild Trust, and as Co-Trustee of the Ana Nicole
Delio Granchild Trust; and Michael Mendelsohn as Co-
Trustee of the Ana Nicole Delio Granchild Trust,

                                      Defendants.

Civil Action No.:

FILED 2007 AUG 13 P 4:03 U.S. DISTRICT COURT S.D. OF N.Y. W.P.

## COMPLAINT FOR STATUTORY INTERPLEADER

Plaintiff, METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT ("MLAC"), by and through its undersigned counsel, for its complaint in Interpleader against the Defendants, alleges at all material times as follows:

### PARTIES

1.     MLAC, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the State of Connecticut with its principal place of business in Connecticut.

2.     Upon information and belief, Defendant Ana Nicole Delio was and is a resident of the County of Westchester, State of New York, and resides at 3 Washington Square, Apartment 6A, Larchmont, NY 10538.

3. Upon information and belief, Defendant Zachary Farrell Sobie was and is a resident of the County of New York, State of New York and resides at 579 5th Avenue, Apartment 414, New York, New York 11212.

4. Upon information and belief, Defendant Brian Sobie was and is a resident of the County of Ulster, State of New York, and resides at 32 Maurizi Lane, Woodstock, New York 12498.

5. Upon information and belief, Defendant Michael Mendelsohn was and is a resident of the County of Westchester, State of New York, and resides at 40 W. Garden Road, Larchmont, NY 10538.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 in that the value of the Policy exceeds seventy five thousand dollars ($75,000.00) and diversity of citizenship exists between the parties.

7. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1397 in that one or more of the adverse claimants reside in the judicial district.

## GENERAL ALLEGATIONS

8. Contract number 921256-9785254 (the "Contract") is an annuity that was issued on April 24, 2001, by MLAC to Estellle Sobie (the "Decedent" or "Annuitant") with a death benefit of two million five hundred twenty five thousand seven hundred forty four dollars and fifty five cents ($2,525,744.55) (the "Proceeds").

9. On or about March 30, 2001, MLAC recorded beneficiaries for the Contract based on the beneficiary form signed by the Decedent designating the Ana Nicole Delio Grandchild Trust (the "Ana Trust") and the Zachary Farrell Sobie Grandchild Trust (the "Zachary Trust" or collectively hereinafter the "Trusts") as the joint beneficiaries, with the Trusts to each receive fifty percent (50%) of the proceeds.

2

10. MLAC received a change of beneficiary designation dated April 5, 2002, from attorney Stanley Bulua, designating the Trusts created under the Will dated April 5, 2002 and Brian Sobie as beneficiaries.

11. In a letter dated April 25, 2002, MLAC advised Stanley Bulua that the beneficiary designation was not accepted or acknowledged and it would have to be revised accordingly.

12. Upon information and belief, the Annuitant died on March 30, 2007, and as a result the Proceeds became payable under the Contract.

13. MLAC received a letter dated May 23, 2007, from Stanley Bulua, the attorney representing the Estate of Estelle Sobie, wherein Stanley Bulua advises MLAC of an unrecorded beneficiary designation signed by the Annuitant on April 4, 2004.

14. In a letter dated June 1, 2007, MLAC advised Stanley Bulua that the beneficiary designation dated April 2, 2004, was never submitted to MLAC and consequently it was never recorded.

15. MLAC received a letter dated May 17, 2007, from James R. Carcano, the attorney representing the defendant Ana Nicole Delio, wherein James Carcano contests the credibility of the unrecorded beneficiary designation dated April 4, 2004.

16. A letter dated June 22, 2007, from Noel W. Hauser, the attorney for Brian Sobie, advised that his client has a rightful claim to the proceeds per the unrecorded beneficiary designation and and he urges MLAC to pay the proceeds accordingly.

17. In light of the adverse claims from the Defendants, MLAC cannot determine, without assuming the responsibility of deciding doubtful questions of fact and law and without the risk of being subjected to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payment of the amount due, whether the Proceeds are payable to the Trusts and/or Brian Sobie.

18. Given MLAC's doubt as to the proper beneficiaries, MLAC cannot pay any of said Proceeds under the Policy without the danger of being compelled to pay said Proceeds to each of the above parties.

19. MLAC makes no claim to the benefits other than payment of its reasonable attorney's fees, costs and disbursements in connection with this action. MLAC is now, and at all times has been, ready and willing to pay the benefits of the Policy to the party or the parties legally entitled to them.

20. Since MLAC does not dispute that it holds Proceeds which became payable upon the death of the Annuitant, MLAC is merely a stakeholder, with no interest in the controversy between the defendants, and stand ready to deposit the full amount of the Proceeds, $2,525,744.55, plus any applicable interest, into the Registry of the Court.

**WHEREFORE,** MLAC demands judgment as follows:

A. That Defendants, Ana Nicole Delio; Zachary Farrell Sobie; Brian Sobie, Individually, as Trustee of the Zachary Farrell Sobie Grandchild Trust, and as Co-Trustee of the Ana Nicole Delio Granchild Trust; and Michael Mendelsohn as Co-Trustee of the Ana Nicole Delio Granchild Trust, be ordered to interplead and settle among themselves their respective rights to the Proceeds;

B. That MLAC be permitted to pay the Proceeds of $2,525,744.55, plus applicable interest into the Registry of the Court;

C. That the Defendants each be restrained from initiating any other action against MLAC for recovery of the Proceeds or any part thereof;

D. That MLAC be found to have no further liability beyond those monies deposited into the Registry of this Court, which represents the benefits of the Policy; and

E. That MLAC be discharged and dismissed with prejudice from this case; and

F:   That the Court award such other and further relief, including attorney's fees and costs, to which MLAC is entitled in law or equity, as this Court deems just and proper.

Dated: August 10, 2007
Long Island City, New York

ALVIN PASTERNAK, ESQ.

By: *[signature]*
Patricia Curran Reinhardt, of Counsel
Bar Roll # PC4258
Attorneys for Plaintiff
MetLife Life and Annuity Company of Connecticut
27-01 Queens Plaza North
Long Island City, New York 11101
(212) 578-7487