```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
METLIFE LIFE AND ANNUITY COMPANY
OF CONNECTICUT,                              Civil Action No.
                                             07 CIV 7215
                                             (Karas, J.)
                   Plaintiff,


         -against-


ANA NICOLE DELIO; ZACHARY FARRELL SOBIE;
BRIAN SOBIE, Individually, as Trustee of
the ZACHARY FARRELL SOBIE GRANDCHILD
TRUST, and as Co-Trustee of the ANA
NICOLE DELIO GRANDCHILD TRUST; and
MICHAEL MENDELSOHN as co-Trustee of
the ANA NICOLE DELIO GRANDCHILD TRUST,

                   Defendants.

- - - - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW OF SOBIE DEFENDANTS ON THE ISSUE BEFORE THE COURT AND MOTION IN LIMINE.**

## Introduction

This is an action of interpleader commenced by MetLife Insurance Company which is obligated to disburse approximately $2.8 million under an annuity contract originally entered into between one Estelle Sobie, now deceased, and Travelers Insurance Company, to whose obligation the plaintiff has succeeded.

The action of interpleader calls upon the Court to determine how the annuity should be distributed among the defendants, to wit, (a) Estelle Sobie's son, Brian Sobie, (b) her grandson, Zachary Farrell Sobie (son of Brian), and (c) Estelle Sobie's granddaughter Ana Nicole Delio (daughter of Michele Sobie Delio).

## **Applicable Legislative Material**

New York Estates, Powers and Trusts Law Section 13-3.2 provides in pertinent part that:

> "(a)  If a person is entitled to receive (1) payment in money, securities or other property under a pension, retirement, death benefit, stock bonus or profit-sharing plan, system or trust or (2) money payable by an insurance company or a savings bank authorized to conduct the business of life insurance under an annuity or pure endowment contract or a policy of life, group life, industrial life or accident and health insurance, or if a contract made by such an insurer relating to the payment of proceeds or avails of such insurance designates a payee or beneficiary to receive such payment upon the death of the person making the designation or another, the rights of persons so entitled or designated and the ownership of money, securities or other property thereby received shall not be impaired or defeated by any statute or rule of law governing the transfer of property by will, gift or intestacy.  * * *
>
> "(d)  A person entitled to receive payment includes:   * * *
> (3) Any person entitled to receive payment by reason of a payee or beneficiary designation described in this section,

> "(e)  A designation of a beneficiary or payee to receive payment upon death of the person making the designation or another must be made in writing and signed by the person making the designation and be:   * * *
> (2)  Agreed to by the insurance company or the savings bank authorized to conduct the business of life insurance, as the case may be."

Federal Rules of Evidence Rule 601 provides in pertinent part that:

> "Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law."

Federal Rules of Evidence Rule 803 provides in pertinent part that:

> "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:   * * *
>
> "(3)  Then Existing Mental, Emotional or Physical Condition.  A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."

## Facts

Some time in the past Estelle Sobie purchased an annuity policy of insurance from Travelers Insurance Company, to whose obligations the plaintiff MetLife Insurance Company has succeeded.

The decedent was the grandmother of Ana Nicole Delio (by her daughter, Michele Sobie Delio) and Zachary Farrell Sobie (by her son, Brian Sobie).

Estelle Sobie survived her husband, Bernard Sobie (the grandfather and father respectively of the Delio and Sobie parties defendant). Bernard Sobie was the son of Simon Sobie, who many years ago founded a jewelry company bearing his name, Simon Sobie & Co. (and perhaps other related entities).

Simon Sobie & Co. was a very successful jewelry manufacturing company over a period of many years, first when headed by the founder, and then when succeeded by his son, Bernard Sobie (Estelle's husband, and the grandfather and father of the respective defendants. Bernard Sobie died in approximately 2001).

The defendant Brian Sobie became associated with Simon Sobie & Co. in approximately 1976. In due course, he became the Chief Executive Officer of the company and acquired all of the stock excepting about 5%, which was held by his mother, Estelle Sobie, the decedent.

Estelle Sobie worked for Simon Sobie & Co. as a clerical employee until about 2004, and was familiar with its financial affairs until the time of her death in early 2007.

Before or shortly after the death of her late husband, Estelle Sobie began to plan the distribution of her estate, consisting to the extent relevant of probate assets and annuities. She discussed these matters on many occasions, certainly after the death of her husband, with at least four individuals who were advisers and consultants and, in at least some instances, close friends. These individuals were Michael Mendelsohn, a defendant so named because of his position as Trustee of the grandchildren's Trusts; Stanley Bulua, an attorney specializing in trusts and estates matters, and two other individuals, Aaron Saperstein and Alan Badey, and possibly her grandchildren and her son, Brian Sobie.

In April 2002, evidently before business reversals struck Simon Sobie & Co., Estelle Sobie consulted with attorney Stanley Bulua with a view to planning the distribution of her estate. In April 2002, subsequent to the death of her late husband Bernard Sobie, Estelle Sobie executed her Last Will and Testament and at least one Beneficiary Designation of the annuity which is the subject of this action. These documents executed by Estelle Sobie in April 2002 remain with attorney Stanley Bulua.

In general, these documents left the Simon Sobie business and certain probate assets to her son, Brian Sobie, outright; a large amount of valuable jewelry to hr granddaughter Ana Nicole Delio, and the remaining probate assets and the annuity identified above to the defendant Mendelsohn in trust for the grandchildren, Ana Nicole Delio and Zachary Farrell Sobie, share and share alike.  Estelle Sobie also left a lifetime annuity to her daughter, Michele Delio, the principal of which is several million dollars from which Michele Delio receives about $10,000.00 per month.  The defendant Brian Sobie is one of the Trustees of Michele Delio's Trust.  Upon Michele Delio's death, the principal is to be paid to her daughter, Ana Nicole Delio.

It became evident in approximately 2003 that Simon Sobie & Co. would not survive the reverses suffered in the preceding period, to wit, a loss of several major customers.  Estelle Sobie then decided, after consultation with the friends and advisers mentioned above, to modify her estate plan so as to more favorably provide for her son, Brian Sobie, who would otherwise receive very little of value upon her death, as the family business was in failing circumstances.

On April 4, 2004, after consultation with friends and advisers, including attorney Bulua, Estelle Sobie executed a new Will providing more favorably for her son, Brian Sobie, and, as more particularly relevant here, at the same time she executed a

document in triplicate or more than triplicate in number, prepared by her counsel, Bulua, which directed a change of beneficiaries of the Travelers annuity, so as to provide for a three way division, one-third outright to her son Brian Sobie, and one-third in trust as theretofore to each of her grandchildren, Ana Nicole Delio and Zachary Farrell Sobie.  One beneficiary designation form was given to Estelle Sobie, evidently with instructions to send the same to the insurance carrier, but the same was never received by Travelers.  Estelle Sobie died in approximately February 2007.

Following receipt of a demand for payment pursuant to the Amended Beneficiary Designation described in the preceding paragraph, the plaintiff refused to make payment because the formalistic requirements of the insurance carrier's policy to effect a change of beneficiary had not been complied with.

Nevertheless, in recognition of the conflicting claims, Travelers initiated the instant action of interpleader and has advised the Court that it is prepared to discharge its obligations in the manner directed by this Court.

In <u>Kane vs. Union Mutual Life Insurance Company</u>, 84 A.D.2d 148, 445 N.Y.S.2d 549 (A.D.2, 1981), appeal dismissed 57 N.Y.2d 956, 1982 W.L. 220550 (1982), the Court held that when a testator tried to revoke a beneficiary designation by Will, the carrier impliedly waived the requirement set forth in the policy when it

deposited the proceeds into Court for resolution of the identity of the proper beneficiary.  Kane, supra, was followed by Matter of Trigoboff, 175 Misc.2d 370, 669 N.Y.S.2d 185 (Sur. Ct., NY County, 1998); McCarthy vs. Aetna Life Insurance Company, 231 A.D.2d 211, 681 N.Y.S.2d 790 (A.D.1, 1997), rev'd 92 N.Y.2d 436, 681 N.Y.S.2d 790 (1998).  These cases support the proposition that the plaintiff has no interest in the manner in which the annuity is to be distributed.

In the instant case, the plaintiff has expressly disavowed any interest in how the Court directs the corpus of the annuity to be paid, expressly confirming its intent to do so by filing the instant action of interpleader.

As heretofore indicated, the decedent executed a new Will on April 4, 2004, as well as a Change of Beneficiary Designation, the effectiveness of which is the subject matter of this action. The original Will and perhaps copies were executed at that time. The original Will was retained by attorney Bulua until after the death of Estelle Sobie, at which time it was offered and admitted to probate.  Attorney Bulua also retained the original and one or more copies of the Beneficiary Designation form, but gave one or more of them to Estelle Sobie, with instructions to forward to the carrier.

Evidently, the carrier never received the Change of Beneficiary Designation form executed by Estelle Sobie on April

4, 2004. The Sobie defendants believe that Delio intends to argue in favor of an inference that since the Change of Beneficiary Designation form was not found among the effects of the decedent after her death and was not received by the carrier before her death, the decedent must have had a change of heart and destroyed the April 4, 2004 Beneficiary Designation form in her possession. This line of reasoning is predicated on cases which so hold in the case of an original Will placed in the hands of a testator before death, which original Will cannot be found after death.

But the rule has no application here since a Will is in the nature of things a document which is altogether different in legal effect from a Designation of Beneficiary of a policy of insurance, and that difference is expressly articulated by New York Estates, Powers and Trusts Law section 13-3.2 (supra, page 2).

Rather, the issue is the intent of the person having the right to designate the beneficiary or change the beneficiary designation as can best be gleaned from the circumstances, a teaching articulated by <u>Kane</u>, supra, and <u>Matter of Trigoboff</u>, supra, among other cases.

The circumstances weigh heavily in favor of a finding that the decedent intended for the annuity to be divided in the manner set forth in the missing 2004 Change of Beneficiary Designation

executed at the same time as the 2004 Will.  The circumstances include the following:

1. Modifications of the Will in favor of Brian Sobie;
2. The Change of Beneficiary Designation Form was executed at the same time as the Will was executed;
3. The Change of Beneficiary form was prepared by the decedent's attorney draftsman in accordance with the decedent's wishes;
4. Subsequently, the decedent executed a Change of Beneficiary Designation of another annuity policy so as to provide for the same three way split of the proceeds among the decedent's son and her two grandchildren;
5. After it became evident that the business known as Simon Sobie & Co. (and its affiliates) could not survive, the decedent informed her four friends and advisers that she was changing her estate plan so as to provide for a three-way division of her annuities. Such declarations of the decedent are exceptions to the hearsay rule and are clearly admissible under Federal Rules of Evidence 803(3).

In <u>Weinstein's Federal Evidence</u>, section 803.05[2][b][ii] (page 803-34), the author states:

"[ii]  Special Rule in Will Cases.

"A declarant's statements of memory or belief may be admitted under Rule 803(3) to prove the fact remembered or believed if they relate to the execution, revocation, identification, or terms of the declarant's Will.  The effect of this special rule for will cases is to render admissible utterances of a testator made either before or after executing a will."

The author continues as follows:

"[iii]  Insurance Litigation.

"Lawsuits concerning insurance policies raise questions such as the existence of the policy and the designation of beneficiaries.

"Statements of the insured concerning these matters are similar in degree of reliability to statements of a testator about the execution or terms of a will.  Courts often can admit statements to shed light on the intent of the declarant by relying on the theory of the continuity of states of mind."

See, also, <u>United States vs. Southland Corporation</u>, 760 F.2d 1366, 1376 (C.A.2, 1985); <u>United States vs. Demaria</u>, 727 F.2d 265, 271 (C.A.2, 1985); <u>Schering Corp. vs. Pfizer</u>, 189 F.3d 218 (C.A.2, 1999); <u>McCormack</u>, 6th Ed., vol. 2, page 699; Federal Evidence by Mueller and Kirkpatrick, 3d Ed., Section 8:74.

Rule 601 of the Federal Rules of Evidence (supra 393) in effect adopts State rules of evidence at least in cases where jurisdiction is based upon diversity of citizenship as in the instant case.

Accordingly, New York CPLR 4519 (New York's "Dead Man" Statute) prohibits testimony from interested parties, including Ana Nicole Delio and Brian Sobie from testifying to communications with the decedent Estelle Sobie regarding matters relevant to this litigation.  Rosenfeld v. Basquit, 78 F.3d 84 (C.A.2, 1996); Estate of Genecin, 363 Fed. Sup. 2d 306 (D.C. Conn., 2005).

**DATED:**   **New York, New York**
         **April 10, 2008**

                              **Respectfully submitted,**


                              /s/
                              **NOEL W. HAUSER         (8183)**
                              **NOEL W. HAUSER AND ASSOCIATES**
                              **Attorneys for Answering Defendants**
                              **270 Madison Avenue - 13th Floor**
                              **New York, New York 10016**
                              **212   688-6400**