```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
METLIFE LIFE AND ANNUITY COMPANY
OF CONNECTICUT,                                    Civil Action No.
                                                   07 CIV 7215
                                                   (Karas, J.)
                        Plaintiff,

        -against-


ANA NICOLE DELIO; ZACHARY FARRELL SOBIE;
BRIAN SOBIE, Individually, as Trustee of
the ZACHARY FARRELL SOBIE GRANDCHILD
TRUST, and as Co-Trustee of the ANA
NICOLE DELIO GRANDCHILD TRUST; and
MICHAEL MENDELSOHN as co-Trustee of
the ANA NICOLE DELIO GRANDCHILD TRUST,

                        Defendants.
----------------------------------------X
```

## SOBIE DEFENDANTS PROPOSED JURY INSTRUCTIONS

101.01.          OPENING INSTRUCTIONS

    We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial. This case is what is known as an Interpleader action and MetLife Insurance Company (which issued an annuity to one Estelle Sobie, now deceased), has filed this lawsuit to secure a determination as to how the money payable on the death of Estelle Sobie is to be distributed.

1

The money is to be distributed either:

a) In two equal parts to the grandchildren of Estelle Sobie, or

b) In three equal parts, two to the grandchildren and the third part to Estelle Sobie's son, Brian Sobie.

The grandchildren's names are Zachary Farrell Sobie and Ana Nicole Delio, and whatever they receive is left to them in trust. As to any monies to be received by Brian Sobie, he would receive it outright. The total amount to be distributed is about $3 million. Because each of these three individuals is technically a defendant, I will refer to them by their first names, that is, Brian, Zachary and Ana.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney". I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence" I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I
will decide all questions of law that arise during the trial.
Before you begin your deliberation at the close of the case, I
will instruct you in more detail on the law that you must follow
and apply.

Because you will be asked to decide the facts of this case,
you should give careful attention to the testimony and evidence
presented.  Keep in mind that I will instruct you at the end of
the trial about determining the credibility or "believability" of
the witnesses.  During the trial you should keep an open mind and
should not form or express any opinion about the case until you
have heard all of the testimony and evidence, the lawyers'
closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the
case in any manner among yourselves or with anyone else.  In
addition, you should not permit anyone to discuss the case in
your presence.

From time to time during the trial, I may make rulings on
objections or motions made by the lawyers.  It is a lawyer's duty
to object when the other side offers testimony or other evidence
that the lawyer believes is not admissible.  You should not be
unfair or partial against a lawyer or the lawyer's client because
the lawyer has made objections.  If I sustain or uphold an
objection to a question that goes unanswered by the witness, you

should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly, they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case – the parties, the

4

witnesses, the attorneys and persons associated with them.    It
is important not only that you be fair and impartial but that you
also appear to be fair and impartial.

Do not make any independent investigation of any fact or
matter in this case.  You are to be guided solely by what you see
and hear in this trial.  Do not learn anything about the case
from any other source.

During the trial, it may be necessary for me to confer with
the lawyers out of your hearing or to conduct a part of the trial
out of your presence.  I will handle thee matters as briefly and
as conveniently for you as I can, but you should remember that
they are a necessary part of any trial.

It is now time for the opening statements.
[Pattern Jury Instructions of the District Judge's Association of
the Fifth Circuit, Civil Cases, Instruction No. 1.1 (1999).

It will be your duty to decide from the evidence what the
facts are.    You, and you alone, are the judges of the facts.
You will hear the evidence, decide what the facts are, and then
apply those facts to the law which I will give to you.  That is
how you will reach your verdict.  In doing so, you must follow
that law whether you agree with it or not.  The evidence will
consist of the testimony of witnesses, documents, and other
things received into evidence as exhibits and any facts on which
the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

[Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.1 (1997).]

The case will proceed as follows:

First, the lawyer for Brian Sobie and Zachary Sobie will make his opening statement. The lawyer's name is Noel Hauser. After he finishes, the lawyer for Ana Deleo will make his opening statement. His name is James Carcano.

After the opening statements, Mr. Hauser, the attorney for the Sobie defendants will present evidence in support of their claim that the money to be paid by MetLife should be divided in three parts and he will offer evidence that he says will establish that that was what Estelle Sobie intended for the distribution of the monies to be paid by MetLife and Mr. Carcano may cross-examine any of the witnesses Mr. Hauser produces.

At the conclusion of the presentation of Mr. Hauser's case, Mr. Carcano, the attorney for Ana Deleo may introduce evidence in support of his claim that Estelle Sobie intended for the money to be paid by MetLife be paid in two equal parts to the grandchildren, Zachary and Ana.

After the evidence is presented, the lawyers may make closing arguments explaining what they believe the evidence has shown.   What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching the verdict.   You will then decide the case.

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

To insure fairness, you must obey the following rules:

1.  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.   Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members

of your family and your friends.  You may tell people you are a
juror, but do not tell them anything else about the case.

3.    Outside the courtroom, do not let anyone tell you
anything about the case, or about anyone involved with it until
the trial has ended.   If someone should try to talk to you about
the case during the trial, please report it to me immediately.

4.    During the trial you should not talk with or speak to
any of the parties, lawyers or witnesses involved in this case –
you should not even pass the time of day with any of them.  It is
important not only that you do justice in this case, but that you
also give the appearance of doing justice.

5.    Do not read any news stories or articles about the
case, or about anyone involved with it, or listen to any radio or
television reports about the case or about anyone involved with
it.

6.    Do not do any research, such as checking dictionaries,
or make any investigation about the case on your own.

7.    Do not make up your mind during the trial about what
the verdict should be.  Keep an open mind until after you have
gone to the jury room to decide the case and you and the other
jurors have discussed all the evidence.

8.    If you need to tell me something, simply give a signed
note to the [marshal] [bailiff] [clerk] to give to me.

I do not believe that it would be useful or helpful for you to take notes during the trial.  Taking notes may distract you so that you cannot give attention to all the testimony.  Please do not take any notes while you are in the courtroom.

I do not permit jurors ro ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during the examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

From time to time it may be necessary foe me to talk to the lawyers out of your hearing.  The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence.  The lawyers and I will do what we can to limit the number and length of these conferences.

The evidence in the case will consist of the following:

1.    The sworn testimony of the witnesses, no mater who called a witness.

2.    All exhibits received in evidence, regardless of who may have produced the exhibits.

3.    All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony]. When the lawyers on both sides stipulate or agree to the existence od a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial uou will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

From time to time it may be necessary for me to talk to the lawyers out of your hearing.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.  Do not consider my granting or

11

denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**ELECTION OF FOREPERSON:  DUTY TO DELIBERATE:**

**COMMUNICATIONS WITH COURT:  CAUTIONARY:**

<u>**UNANIMOUS VERDICT:  VERDICT FORM**</u>

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember

13

that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.

The jury is instructed to determine what Estelle Sobie intended in term of the distribution of the money to be paid by MetLife Insurance in this case, that is, is it to be divided in two equal shares among the grandchildren, or in three equal shares, one share to Estelle Sobie's son, Brian Sobie, and two shares for her grandchildren.

Your verdict should be based upon the strongest claim under existing conditions.  (See Kane vs. Union Mutual Life Insurance Company, 84 A.D.2d 148, 445 N.Y.S.2d 549 (A.D.2, 1981), appeal dismissed 57 N.Y.2d 956, 1982 W.L. 220550 (1982) and Matter of Trigoboff, 175 Misc.2d 370, 669 N.Y.S.2d 185 (Sur. Ct., NY County, 1998).

You are to consider only the evidence n the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the

14

witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**DATED:    New York, New York**
**          April 13, 2008**

                                **Respectfully yours,**

                                **/s/_____**
                                **NOEL W. HAUSER AND ASSOCIATES**
                                **Attorneys for Sobie Defendants**
                                **Office and P. O. Address**
                                **270 Madison Avenue**
                                **New York, New York 10016**
                                **212    688-6400**

**TO:**

    **ALVIN PASTERNAK, ESQ.**
    **PATRICIA CURRAN REINHARDT, ESQ.**
    **Attorneys for Plaintiff**
    **27-01 Queens Plaza North**
    **Long Island City, New York 11101**

    **MR. MICHAEL MENDELSOHN**
    **Defendant**
    **40 West Garden Road**
    **Larchmont, New York 10538**

    **JAMES R. CARCANO, ESQ.**
    **Attorney for defendant Delio**
    **15 Hudson Place**
    **Larchmont, New York 10538**