UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
METLIFE LIFE AND ANNUITY COMPANY
OF CONNECTICUT,

                              Plaintiff,                **DEFENDANT
DELIO'S
RESPONSE TO
*IN LIMINE*
MOTION AND
PRETRIAL
ORDER**

       -against-

                                      **07 Civ 7215
(KARAS, J.)**

ANA NICOLE DELIO; ZACHARY FARRELL
SOBIE; BRIAN SOBIE, individually, as TRUSTEE
Of the ZACHARY FARRELL SOBIE GRANDCHILD
TRUST, and as CO TRUSTEE of the ANA NICOLE
DELIO GRANDCHILD TRUST; and MICHAEL
MENDELSOHN as CO TRUSTEE OF THE ANA
NICOLE DELIO GRANDCHILD TRUST

                              Defendants
----------------------------------------------------------------------X

       Defendant, Ana Nicole Delio, by her attorney, JAMES R. CARCANO, ESQ.,

responds to defendant Sobie's motion in limine and proposed PreTrial Order as follows:

### FACTUAL ASSERTIONS

1. The Sobie Defendant's factual assertions mislead this Court with regard to the

    actual facts of this case.

2. The Sobie Defendants make the following assertions in their motion *in limine*:

    a. "On April 4, 2004. . . .Estelle Sobie executed a new Will. . . .at the same

        time she executed a document in triplicate or more triplicate in number,

        prepared by her counsel, Bulua, which directed a change of beneficiaries

        of the Traveler's annuity. . . " and

b.  "Attorney Bulua also retained the original and one or more copies of the Beneficiary Designation form, but gave one or more of them to Estelle Sobie…"

3.  On December 7, 2007, the Examination Before Trial of Stanley E. Bulua, Esq. was held.  At the time of this examination, counsel for the Sobie defendants was present throughout the examination and received a copy of the transcript of this examination.  Counsel for the Sobie Defendants asked no questions during the deposition, but met privately with the witness for approximately one half hour prior to the deposition.

4.  During the Examination Before Trial of Attorney Bulua, the following question and answer ensued:

**Q. "On April 2004 she (*Estelle Sobie*) signed a beneficiary designation form in your presence, one original, correct?"**

**A.  "That is correct.**"

*(Bulua Transcript page 44 line 25 to page 45 line 4.)*

5.  There has been no evidence submitted in this case which even remotely substantiates the Sobie Defendant's claim that multiple original Beneficiary Change Forms were executed by Estelle Sobie.

6.  Accordingly, any assertions that there are multiple signed originals of the Beneficiary Change Form are patently false.  Furthermore, counsel for the Sobie defendants has stipulated that witness Aaron Saperstein of Wachovia financial services does not have the original signed Beneficiary Change Form.

## **CASELAW ASSERTIONS**

7.   The Sobie Defendants set forth the case of _Kane v. Union Mutual Life Ins. Co_ and

_Matter of Trigoboff_ (citations omitted) as part of their Memorandum of Law

seemingly in support of their position.

8.   The Sobie Defendants, however, have once again misled the Court as both of

these cases are no longer good law in the State of New York.

9.   The Court is respectfully referred to Defendant Delio's Suppplemental Jury

Instructions wherein  _Lincoln Life and Annuity Company of New York v. Caswell_,

31 AD 3d 1, 813 NYS 2d 385, App Div 1st Dept 2006, and _McCarthy v. Aetna_

_Life Ins. Co_. 92 NY 2d 436, 681 NYS 2d 790, 704 NE 2d 557 are cited.  These

cases are the correct law with regard to the issues in this case.

10.  Counsel for the Sobie Defendants has failed to recognize that both _Kane_ and

_Trigoboff_ are no longer the law in this State, as each was overruled by the New

York Court of Appeals decision in _McCarthy, supra_.  This Court is respectfully

referred to the decision in _Lincoln Life v. Caswell_ 813 NYS 2d 385, 390 wherein

the Court specifically rejects the holdings in both _Kane_ and _Trigoboff_.

Furthermore, in the accompanying footnote 2, the Court states that _Kane_ "is no

longer good law."

## **APPLICATION OF DEAD MAN'S STATUTE**

11.  Defendant Delio agrees with the Sobie defendants that the Dead Man's Statute

(CPLR 4519) applies to this case.

12.  Defendant Delio agrees that Ana Delio and Brian Sobie are precluded from

offering testimony based on CPLR 4519.

13. Brian Sobie must be precluded from offering testimony as he has both a personal interest in the outcome of the litigation and an interest as Trustee of the Zachary Farrell Sobie Grandchild Trust.

14. However, Defendant Delio believes that CPLR 4519 is applicable to Zachary Farrell Sobie and Michael Mendelsohn as well.

15. With regard to defendant Zachary Sobie, this defendant is an interested witness similarly situated to defendant Delio in that he has a direct interest in the outcome of this case: his portion of the annuity is either 50% or 33 1/3% according to the eventual jury verdict.

16. Defendant Mendelsohn is also an interested witness as he is a Trustee of the Ana Nicole Delio Grandchild Trust which is a complex trust established by the decedent. This trust gives defendant Mendelsohn broad executive powers. Furthermore, the trust remains in effect until defendant Delio attains the age of thirty-five (Ms. Delio is presently twenty three). During this time, defendant Mendelsohn receives commissions and expense reimbursement from the Trust. Obviously, the size of the Trust and these commissions will be affected by the outcome of this litigation.

17. The test of the interest of a witness is whether the witness will gain or lose by the direct legal operation and effect of the judgment (*Smith v. Kuhn*, 221 AD 2d 620, 634 NYS 2d 167, 1995 App Div, Lexis 12460, see also, *Hobart v. Hobart* 62 NY 80, and *Duncan v. Clarke* 308 NY 282, 125 NE 2d 569). Thus, it is respectfully submitted that defendant Mendelsohn meets this test as outlined above.

## **OBJECTIONS TO PROPOSED EVIDENCE:**

18. Defendant Delio object to the Sobie defendants offer of the tax returns for Simon

    Sobie & Co. Inc. and Brisco Jewelry Ltd.  This objection is based upon Federal

    Rule of Evidence 402 as these documents are irrelevant to the determination of

    the issue in this case.

19. Defendant Delio objects to the introduction of the annuity payable to Michelle

    Delio (Item 22 on Sobie proposed exhibits) as this document is also irrelevant to

    these proceedings.  Michelle Delio is not a party to this action, has no

    involvement in the issues of this case, and the introduction of this evidence will

    unduly influence/prejudice the jury against Ana Nicole Delio as well as confuse

    the issue of this case..  Accordingly FRE section 403 and 402 apply.


Dated:  Larchmont, New York
       April 24, 2008


                                _____
                                 James R. Carcano (JC 3310)
                                Attorney for Defendant DELIO
                                15 Hudson Place
                                Larchmont, New York  10538
                                (914) 833-2695


TO:    Alvin Pasternak, Esq,
         MetLife Life and Annuity Company of CT
         27-01 Queens Plaza North
         Long Island City, New York  11101

         NOEL W. HAUSER, ESQ.
         270 Madison Avenue
         New York, New York  10016