UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
METLIFE LIFE AND ANNUITY COMPANY
OF CONNECTICUT,

|  |  |
|---|---|
| Plaintiff, | **DEFENDANT DELIO'S PROPOSED SUPPLEMENTAL JURY INSTRUCTONS** |
| -against- | **07 Civ 7215 (KARAS, J.)** |

ANA NICOLE DELIO; ZACHARY FARRELL
SOBIE; BRIAN SOBIE, individually, as TRUSTEE
Of the ZACHARY FARRELL SOBIE GRANDCHILD
TRUST, and as CO TRUSTEE of the ANA NICOLE
DELIO GRANDCHILD TRUST; and MICHAEL
MENDELSOHN as CO TRUSTEE OF THE ANA
NICOLE DELIO GRANDCHILD TRUST

                         Defendants
-----------------------------------------------------------------------X

Defendant, Ana Nicole Delio, by her attorney, James R. Carcano Esq., proposes

the following supplemental jury instructions:

"Members of the Jury, the issue you must decide is who are the beneficiaries of

the METLIFE Annuity Contract owned by decedent ESTELLE SOBIE. The SOBIE

Defendants claim that the annuity contract is owned by the ANA NICOLE DELIO

GRANDCHILD TRUST, the ZACHARY FARRELL SOBIE GRANDCHILD TRUST,

and BRIAN SOBIE, each owning 1/3 of said trust. ANA NICOLE DELIO claims that

the annuity contract is owned by the ANA NICOLE DELIO GRANDCHILD TRUST

and the ZACHARY FARRELL SOBIE GRANDCHILD TRUST, each owning ½ of said

trust.

The SOBIE Defendants rely on a purported change of beneficiary form executed by ESTELLE SOBIE on April 2, 2004 for their claim.  Defendant Delio asserts that the change of beneficiary form is invalid.

Under New York State Insurance Law section 3204, a policy of life insurance or a contract of annuity cannot be modified, nor can any rights or requirements be waived, except in a writing signed by a person specified by the insurer in such policy or contract. Additionally, under New York Law, the controlling consideration as to whether a change of beneficiary form has been effectuated is whether there has been substantial compliance with the terms of the policy. (*Lincoln Life and Annuity Company of New York v. Caswell*, 31 AD 3d 1, 813 NYS 2d 385, App Div 1st Dept 2006). There must be an act or acts designed for making the change, though they may fall short of accomplishing it.  Mere intent is not enough (*Aetna Life Ins. Co. v. Sterling* 15 AD 2d 334, 335, 224 NYS 2d 146 1962).

This case will be decided on the basis of the answers that you give to certain questions that will be submitted to you.  Each of the questions calls for a "Yes" or "No" answer.  If you answer "Yes" to a question, you must enter a percentage for that response.  If you answer "No" to a question, you must enter zero for the percentage.  The sum of your answers must total one hundred percent (100%). . . REMAINDER OF NY PJI 7:31b LANGUAGE INSERTED HERE."

## ARGUMENT

This charge is based upon both *Lincoln Life and Annuity v. Caswell*, supra, and *McCarthy v. Aetna Life Ins. Co*. 92 NY 2d 436, 681 NYS 2d 790, 704 NE 2d 557, which

make clear that substantial compliance with the terms of the annuity contract must be shown.

Counsel for the Sobie defendants has asserted in both his proposed jury instructions and motion in limine that _Kane v. Union Mutual Life Insurance Co_. 84 AD 2d 148, 445 NYS 2d 549 and _Matter of Trigoboff_, 175 Misc 2d 370, 669 NYS 2d 185 apply to this case.

However, counsel has failed to recognize that both _Kane_ and _Trigoboff_ are no longer the law in this State, as each was overruled by the New York Court of Appeals decision in _McCarthy, supra_.  Specifically, the Court is referred to the decision in _Lincoln Life v. Caswell_ 813 NYS 2d 385, 390 wherein the Court specifically rejects the holdings in both _Kane_ and _Trigoboff_.  Furthermore, in the accompanying footnote 2, the Court states that _Kane_ "is no longer good law."

Thus, the jury must be instructed according to the correct law of the State of New York as asserted in both _Lincoln Life_ and _McCarthy_.

Dated:  Larchmont, New York
      April 24, 2008

                             _____
                             James R. Carcano (JC 3310)
                             Attorney for Defendant DELIO
                             15 Hudson Place
                             Larchmont, New York  10538
                             (914) 833-2695

TO:    Alvin Pasternak, Esq,
        MetLife Life and Annuity Company of CT
        27-01 Queens Plaza North
        Long Island City, New York  11101

NOEL W. HAUSER, ESQ.
270 Madison Avenue
New York, New York  10016